JAMES H. ROONEY, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Rooney v. Commissioner
Docket No. 8947-79.
United States Tax Court
T.C. Memo 1980-269; 1980 Tax Ct. Memo LEXIS 317; 40 T.C.M. (CCH) 740; T.C.M. (RIA) 80269; July 23, 1980, Filed *317 Marc J. Winter, for the respondent. RAUM
MEMORANDUM OPINION RAUM, Judge: The Commissioner determined an $80 deficiency in petitioner's 1976 income tax.The deficiency was based upon several adjustments, only one of which was put in issue in the petition filed with this Court, namely, the disallowance of deductions for charitable contributions in the aggregate amount of $312. The return had claimed a total of $572 in charitable contributions, of which the Commissioner allowed $260. He disallowed deduction of the remaining $312 for lack of substantiation. Petitioner challenged the Commissioner's determination in this respect in his petition as follows: 4. The facts upon which the petitioner relies, as the basis of his case are as follows: A. The amount in dispute ($69), is tax on $312 of disallowed religious contributions which was claimed as a deduction. The deduction was disallowed because written proof of the amounts was not accumulated. B. The deduction for religious contribution is less than three (3) percent of gross income. Deductions of this small amount should not require written receipts for justification. C. It is my belief that *318 contributions are a personal matter only between each person and their creator. It is also my belief that the act of tracking written receipts is a commercialization of the act of giving and demeaning to the true spirit of giving.
D. This deduction and/or interpretation of acceptable proof is a violation of my rights under the third amendment to the constitution. If I choose to not claim my contribution, I am discriminated against because it is available to others who may not believe as I do. If I want to deduct it, I am forced to a specified practice which violates my religious freedom. When this case was called for trial on June 23, 1980, there was no appearance by or on behalf of petitioner.Instead, he had sent to the Court a written statement of less than a page, the body of which, in its entirety, is as follows: WRITTEN STATEMENT This statement is provided in lieu of appearance for the trial scheduled June 23, 1980. SUMMARY
1. Procedures employed by the IRS, causes the contribution deduction to be discriminatory in practice.
2. Taxpayer would not object to complete removal of contribution for all. Objection is to denial of religious freedom caused *319 by IRS interpretation of substantiation. 3. Petitioner prays that deficiency determined by IRS be denied.
The burden of proof was upon petitioner to show that the Commissioner erred in his determination, and the written statement submitted by him does not satisfy that burden.[1] To the extent that such statement or the allegations in the petition are based on legal contentions they are frivolous and must be rejected. Cf., e.g., Hearde v. Commissioner, 421 F. 2d 846 (9th Cir. 1970); United States v. Holmes, 614 F. 2d 985, 989-990 (5th Cir. 1980). Decision will be entered for the respondent. Footnotes
1. While it is true that Rule 50(c) of our Rules of Practice and Procedure permit the submission of a written statement of a party's position in lieu of appearance at hearing on a motion, that rule has no application to appearance at a trial on the merits, and any such written statement does not relieve the party of discharging the burden of proof imposed upon him by Rule 142. See Rule 149(b).↩